UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Marlon Joe Tidwell, | ) | C/A No. 6:24-cv-5624-JDA-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| David A. Osorio, Hobart Lewis, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., the undersigned United States Magistrate Judge is authorized to review the Complaint for relief and to submit findings and recommendations to the District Court. For the reasons below, the undersigned recommends summary dismissal of the action.

## BACKGROUND

**Procedural History**

Plaintiff commenced this action by filing a Complaint on the standard form seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff is a pretrial detainee and is currently incarcerated at the Greenville County Detention Center ("GCDC"). *Id*. at 2. By Order dated October 11, 2024, the Court notified Plaintiff that this action was subject to summary dismissal for the reasons identified by the Court in that Order. ECF No. 9. The Court noted, however, that Plaintiff may be able to cure the pleading deficiencies of the Complaint and granted Plaintiff twenty-one days to amend the Complaint. *Id*. at 10. Further, Plaintiff was specifically warned as follows:

1

> If Plaintiff fails to file an amended complaint that corrects those deficiencies identified [in the Court's Order], this action will be recommended for summary dismissal pursuant to 28 U.S.C. §§ 1915 and 1915A without further leave to amend.

*Id*. at 11 (emphasis omitted). Despite the Court's warning, Plaintiff has not filed an amended complaint, and he has failed to cure the deficiencies identified by the Court in its Order.

**Factual Allegations**

Because Plaintiff has not filed an amended complaint, the Court summarizes the allegations from Plaintiff's original Complaint. ECF No. 1. Plaintiff contends Defendants violated his rights under the Fourteenth Amendment and purports to assert claims for supervisory liability, deliberate indifference, and false documentation. *Id.* at 4. Specifically, Plaintiff asserts that procedures have been handed down to allow "warrant stacking." *Id.* He alleges multiple warrants contain the exact same charges, just with different warrant numbers. *Id.* He asserts the "magistrate profits off each warrant/affidavit." *Id.* Petitioner contends he was arrested with Code 16-03-0600(B)(1) on July 26, 2024, with two different affidavits/warrants and two different warrant numbers but with the same exact charge. *Id.* at 5. He claims he was "[n]ever given 2024A2330207053." *Id.* For his relief, Plaintiff requests declaratory and injunctive relief to prohibit the Greenville County Sheriff's Office from warrant stacking. *Id.* at 6. He also asks that procedures be put in place "to watch for these acts." *Id.* Plaintiff has attached to the Complaint a copy of three arrest warrants from his underlying state court criminal case. ECF No. 1-1.

The Court takes judicial notice[1] that Plaintiff has been charged in the Greenville County Court of General Sessions with strong arm robbery at case number 2024A2330207051, assault and

---

[1] *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining that courts "may properly take judicial notice of matters of public record"); *Colonial Penn Ins. Co. v.*

2

battery of a high and aggravated nature at case number 2024A2330207052, and assault and battery of a high and aggravated nature at case number 2024A2330207054.[2]  *See* Greenville County Thirteenth Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Greenville/ PublicIndex/PISearch.aspx (last visited Nov. 18, 2024) (search by case numbers listed above).

## STANDARD OF REVIEW

Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, which authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court would still be charged with screening Plaintiff's lawsuit to identify cognizable claims or dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

Because Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim

---

*Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] These charges correspond to the arrest warrants attached to Plaintiff's Complaint.

on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Although the Court must liberally construe the *pro se* pleadings and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

## **DISCUSSION**

**The Action is Subject to Dismissal Pursuant to Rule 41(b)**

This action is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with the Orders of the Court. Plaintiff was directed to file an amended complaint in accordance with this Court's Order dated October

11, 2024.  ECF No. 9.  Plaintiff has not filed a response to the Court's Order and has failed to correct the pleading deficiencies of his original Complaint.  The Court's Order has not been returned as undeliverable, and Plaintiff is therefore presumed to have received the Court's Order.  Because Plaintiff did not respond to the Court's Order or file an amended complaint, he has failed to prosecute this case and has failed to comply with the Orders of this Court.  As Plaintiff has already ignored this Court's Order and deadlines, sanctions less drastic than dismissal would not be effective.  Accordingly, this case should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**The Complaint is Subject to Dismissal**

The Complaint filed is also subject to dismissal.  The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012) (quoting 42 U.S.C. § 1983).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Supervisory Liability Claim**

Liberally construed, the Complaint appears to assert a claim for supervisory liability against Defendant Hobart Lewis ("Lewis"), who is identified in the Complaint as the Greenville County Sheriff.  ECF No. 1 at 3–4 (noting Plaintiff brings a "supervisor liability claim").  However,

5

Plaintiff has failed to allege facts to support such a claim. Because the doctrine of respondeat superior does not apply to § 1983 claims, *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691–94 (1978), a defendant is liable in his individual capacity only for his personal wrongdoing or supervisory actions that violated constitutional norms, *see Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements necessary to establish supervisory liability under § 1983). A plaintiff must establish three elements to prevail under § 1983 on a theory of supervisory liability:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to the knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices[ ]"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Id.* (citations omitted).

Plaintiff has failed to state a § 1983 claim against Lewis based on a theory of supervisory liability. The sole allegation in the Complaint regarding any claim for supervisory liability is Plaintiff's contention that "[p]rocedures . . . have been handed down to allow warrant stacking." ECF No. 1 at 4. That cursory allegation fails to establish the necessary elements of the test noted above. *See, e.g., Pratt-Miller v. Arthur*, 701 F. App'x 191, 193 (4th Cir. 2017). Significantly, Plaintiff has not identified any specific custom or policy at issue implemented by Lewis that violates the constitution.[3] *See Madison v. Shell*, C/A No. 7:22-cv-3549-TMC-JDA, 2022 WL

---

[3] Plaintiff refers to a procedure of "warrant stacking." ECF No. 1 at 4. However, Plaintiff does not explain what "warrant stacking" is and does not provide any allegations showing that such a procedure is official policy or custom implemented by Lewis. Plaintiff also fails to demonstrate that such a procedure violates the Constitution or injured Plaintiff in any way.

17156885, at *3 (D.S.C. Nov. 3, 2022) (noting "Plaintiff fails to identify any governmental policy or custom of the [Defendant] that caused [Plaintiff's] constitutional rights to be violated" and dismissing supervisory liability claim), *R&R adopted by* 2022 WL 17128451 (D.S.C. Nov. 22, 2022). Plaintiff also "does not allege that [Lewis] had any knowledge of his deputies' conduct. Nor, if it is assumed that he had such knowledge, does [Plaintiff] allege how [Lewis] responded to the conduct or plausibly allege a link between the two." *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp. 3d 676, 691 (D. Md. 2018). Accordingly, Plaintiff has failed to allege facts to state a claim against Lewis for supervisory liability.

**Official Capacity Liability**

Plaintiff may be asserting his claims against Defendants in their official capacities.[4] *See* ECF No. 1 at 2–3 (boxes for "Official Capacity" checked on Complaint form). Official capacity liability exists only if "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Tart v. Johns*, C/A No. 1:18-cv-598, 2021 WL 11139974, at *3 (M.D.N.C. June 11,

---

[4] Plaintiff alleges the "magistrate profits off each warrant/affidavit." ECF No. 1 at 4. Plaintiff does not name any magistrate judge as a Defendant in this case. Even if he had, any magistrate judge would be entitled to dismissal from this action. It is well settled that judges have absolute immunity from damages claims arising out of their judicial actions, unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that, even if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or non-judicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Absolute immunity is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Accordingly, even if Plaintiff had named a magistrate judge as a Defendant, that judge would be entitled to immunity and subject to dismissal.

2021) (citation and internal quotation marks omitted). "The fact that an official has discretion in the performance of his official duties does not mean that those acts represent official policy." *Gantt v. Whitaker*, 203 F. Supp. 2d 503, 509 (M.D.N.C. 2002), *aff'd*, 57 F. App'x 141 (4th Cir. 2003). Rather, "[o]fficial liability will attach under § 1983 only if execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id.* (internal citation and quotations omitted). Here, although Plaintiff asserts in a cursory fashion that procedures have been handed down to allow "warrant stacking," Plaintiff does not allege any facts to support his assertion. As such, Plaintiff's official capacity claims against Defendants are subject to dismissal. *See Tart*, 2021 WL 11139974, at *3; *see also Hernandez v. Reynolds*, C/A No. 1:23-cv-755, 2024 WL 3678539, at *2 (M.D.N.C. June 24, 2024) (discussing official capacity claim standard and concluding "Plaintiff fails to allege sufficient facts to bring official capacity claims against Defendants"), *R&R adopted by* No. 1:23-cv-755, 2024 WL 3677500 (M.D.N.C. Aug. 5, 2024).

**Individual Capacity Liability**

Further, Plaintiff has failed to state a claim against either Defendant in their individual capacities, to the extent he intended to do so. Plaintiff makes no allegations about Defendants' direct, personal involvement in the events underlying Plaintiff's claims. Instead, Plaintiff merely names Defendants in the caption and makes general, vague allegations about the injuries he allegedly suffered.[5] However, "such general allegations, absent any specific facts of personal

---

[5] It appears that Plaintiff named Defendant David A. Osorio ("Defendant Osorio") because he is the affiant on the arrest warrants attached to the Complaint, although Plaintiff does not make any specific allegations against him in the body of the Complaint. ECF No. 1-1. Because Plaintiff does not provide specific allegations against Defendant Osorio showing he personally violated Plaintiff's constitutional rights, this Defendant is entitled to dismissal. Indeed, the arrest warrants appear to be facially valid. Plaintiff asserts, without explanation, that multiple warrants issued

involvement in the events giving rise to this case, are insufficient to state a cognizable § 1983 claim." *Tracey v. Nelson*, C/A No. 1:12-cv-1614-JMC-SVH, 2012 WL 4583107, at *2 (D.S.C. Aug. 31, 2012), *R&R adopted by* 2012 WL 4588205 (D.S.C. Oct. 1, 2012). Because Plaintiff makes no factual allegations in the Complaint of personal involvement against the named Defendants, they are entitled to summary dismissal as to any claims for personal liability. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Cir. Ct. of City of Hampton*, C/A No. 3:14-cv-372-HEH, 2014 WL 4072212, at *2 (E.D. Va. Aug. 14, 2014) (finding the complaint was subject to summary dismissal where plaintiff made no factual allegations against the named defendants within the body of the pleading).

***Younger* Abstention**

Plaintiff's claims appear to be related to the criminal charges pending against him in the Greenville County Court of General Sessions as Plaintiff challenges information contained in the arrest warrants for the charges that were brought against him, and he asks this Court to provide injunctive relief pertaining to those warrants.[6] ECF No. 1 at 5–6. To the extent Plaintiff's claims are brought to challenge or invalidate the warrants, such claims are not properly before this Court based on the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Granting

---

against him contain the exact same charges, just with different warrant numbers. ECF No. 1 at 4. That contention is without merit. A review of the three arrest warrants attached to the Complaint shows that each warrant contains unique facts to support the charges in each respective warrant.

[6] It is not entirely clear what Plaintiff perceives to be improper about the warrants. The Complaint appears to allege that duplicate warrants were issued, including warrants for which there are no pending charges. However, the Complaint is difficult to decipher. Plaintiff does not specifically ask that the Court invalidate the warrants on which he is facing charges.

Plaintiff's requested relief would require this Court to interfere with or enjoin a pending state court criminal proceeding against Plaintiff. Because a federal court may not award relief that would affect pending state proceedings absent extraordinary circumstances, this Court should abstain from interfering with it.

In *Younger*, the Supreme Court of the United States of America held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (internal quotation marks omitted). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43–44; *see Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72–73 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "[1] there are ongoing state judicial proceedings; [2] the proceedings implicate important state interests; and [3] there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citation omitted). Plaintiff is involved in ongoing state criminal proceedings related to the claims at issue in this case, and Plaintiff asks this Court to award relief for alleged constitutional violations; thus, the first element is satisfied. The second element is satisfied because the Supreme Court has explained "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). The third element is also satisfied, as the Supreme Court has noted "that ordinarily a pending state prosecution provides the

accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Gilliam*, 75 F.3d at 903 (citation omitted).

A ruling in Plaintiff's favor in this case would call into question the validity of the state court criminal proceedings against him and would significantly interfere with those ongoing state proceedings. *See Younger*, 401 U.S. at 43–45; *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52 (4th Cir. 1989) ("[F]ederal courts should abstain from the decision of constitutional challenges to state action, however meritorious the complaint may be, 'whenever [the] federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'") (citation omitted); *Washington v. Tilton*, C/A No. 2:10-cv-997-HFF-RSC, 2010 WL 2084383, at *1 (D.S.C. May 19, 2010). Because Plaintiff can raise his federal constitutional rights in the state court proceedings, this Court should abstain from deciding the claims asserted in this action.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A without service of process and without further leave to amend.[7]

IT IS SO RECOMMENDED.

s/William S. Brown
United States Magistrate Judge

November 18, 2024
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[7] Because the Court has afforded Plaintiff an opportunity to file an amended complaint and Plaintiff failed to file an amended complaint, the undersigned recommends dismissal without further leave to amend.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).